CHARLES A. ANTHONY *et al. vs.* D. L. D. GRANGER, City
Treasurer.

PROVIDENCE—JANUARY 25, 1901.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Equity.   Mistake.   Condemnation.*

In 1891 the city of P. condemned certain lots belonging to T.   He appealed
from the award, and the complainants also appealed, on the ground that
they were the owners of the land laid out as streets on the plat.   The
jury found that the title to the lots and streets was in T., and that the
value of the land covered by the streets was nothing.   Pending a peti-
tion for a new trial, the complainants gave a deed to T. for the lots, and
T. gave them a deed to the streets.   The petition for new trial was denied.

On a bill in equity brought in 1900, seeking equitable relief against the city
on the ground of a mistake in making the agreement between the com-
plainants and T. by which T. released the city :—

*Held*, that the purpose of the bill was to obtain a new trial of a case de-
cided nearly eight years ago.

*Held*, further, that a mistake between the complainants and T. gave the
former no right to relief against the city.

*Held*, further, that the deed given by T. conveyed at most but his right of
recovery, which the jury found, as to the streets, was nothing.

*Held*, further, that equity cannot recognize the doctrine that a party, after
settling his claim for land, can give an agreement to an unsuccessful

claimant which shall be of sufficient force to overcome the verdict of a
jury and the decision of the court on a petition for new trial.
*Held*, further, that the demurrer to the bill should be sustained.

BILL IN EQUITY.   The facts appear in the opinion.   Heard
on demurrer to bill, and demurrer sustained.

STINESS, C. J.   The bill states no case.   In 1891 the city
of Providence condemned certain platted lots, belonging to
George L. Tucker, for park purposes.   He appealed from the
award, and the complainants also appealed, on a claim that
they were owners of the land laid out as streets on the plat.
It was agreed between Tucker and the city that the value of
the lots, exclusive of the streets, was fixed at eight cents per
foot, and that he should have judgment accordingly; and that
the value of his title or interest in the lands covered by the
streets should be determined by the jury.   The jury found
that the title to the lots and streets was in Tucker ; that the
Anthony heirs were entitled to no part of said land ; that the
value of the lots was eight cents per square foot ; and that
the value of the land covered by the streets was nothing.

After this finding, and while a petition for a new trial was
pending, the Anthony heirs gave a quitclaim deed to Tucker
for the lots, and Tucker gave them a quitclaim deed to the
streets.   The petition for new trial was denied by this court.
*Anthony* v. *City*, 18 R. I. 699.

(1)   The complainants claim that as Tucker was the owner of
the soil of the streets taken by the city, for which he received
no compensation, and as he conveyed his right to recover to
the complainants, they have now an equitable claim against
the city for compensation for the streets.   The deeds con-
veyed no title to land ; because neither party had any title at
the time, the land having been taken by the city by condemna-
tion.   The most that can be claimed is that the complainants
took Tucker's right of recovery, if he had any.   But the jury
found that Tucker's right of recovery, as to the streets, was
nothing.   What the complainants really ask is a new trial of
a case decided nearly eight years ago.   This is not only far
beyond the limit of the law, but is a matter which was settled

on the petition for a new trial. But the complainants say that there was a mistake in making the agreements between them and Tucker, by which Tucker released the city, which gives them the right to equitable relief. But they allege no mistake of which a court can take cognizance. They meant to do just what they did, only they supposed it would come out differently. The city was no party to a mistake. It has paid all that the jury and court found that it was liable to pay, and that matter is ended. Whatever rights the parties to a mistake may have as between themselves, it gives them no right to relief as to a third party, which is what this bill seeks. But, more than this, no claim was made before this court that the verdict was against the evidence, and the gravamen of their present bill is that the verdict was wrong. Still further, on the petition for rehearing of the Anthony case, these very agreements were put before the court, not as a mistake, but relied on as giving rights to the Anthonys to claim the streets; because Tucker therein disclaimed them and admitted and declared the title to be in them. The proposition that a party, after he has settled his claim for land, which the jury found included the whole of it, can give an agreement or declaration to an unsuccessful claimant which shall be of sufficient force to overcome the verdict and the decision of the court on petition for new trial and again on rehearing, is ingenious but not sound. Yet on such a declaration this bill is based. Tucker was found to be the owner of the whole tract; he has received his pay and released all rights to the city; the complainants have no title to the land; but by Tucker's agreement with them they claim to be entitled to succeed to his equitable rights. On their own statement they succeeded to nothing.

The demurrer is sustained.

*Irving Champlin and Edward S. Hopkins*, for complainants.

*Francis Colwell, City Solicitor, and Albert A. Baker, Assistant City Solicitor*, for respondent.